**RECEIVED**
SEP - 4 2013
JOHN P. HEHMAN, CLERK
COLUMBUS, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

Eric D. Wheeler, PRO SE
(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

TMR-MJM
3:13-CV-300

IF THE PLAINTIFF IS A PRISONER:   PRISONER # _____

Eric D. Wheeler vs. Dayton Police Dept., ETAL

(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

Officer Ryan T. Halburnt #26944
Officer Michael T. Fuller #26941

**COMPLAINT**

I. PARTIES TO THE ACTION:

PLAINTIFF: PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE NUMBER IS REQUIRED.

Eric D. Wheeler, PRO SE
NAME - FULL NAME PLEASE - PRINT

54 Pointview Avenue
ADDRESS: STREET, CITY, STATE AND ZIP CODE

Dayton, Ohio 45405

937-275-5537
TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES, ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED AT THE TIME OF FILING THIS COMPLAINT.

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

- A. HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES ( ) NO (X)

- B. IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

    1. PARTIES TO THIS PREVIOUS LAWSUIT

        PLAINTIFFS:

        DEFENDANTS:

    2. COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT, NAME THE COUNTY)

    3. DOCKET NUMBER

    4. NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED

    5. DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)

    6. APPROXIMATE DATE OF THE FILING OF THE LAWSUIT

    7. APPROXIMATE DATE OF THE DISPOSITION

PLACE OF PRESENT CONFINEMENT

- A. IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION? YES ( ) NO ( )

- B. DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE PRISONER GRIEVANCE PROCEDURE? YES ( ) NO ( )

- C. IF YOUR ANSWER IS YES:

    1. WHAT STEPS DID YOU TAKE?

    2. WHAT WAS THE RESULT?

- D. IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.

- E. IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO ( )

- F. IF YOUR ANSWER IS YES:

    1. WHAT STEPS DID YOU TAKE?

    2. WHAT WAS THE RESULT?

DEFENDANTS:

PLACE THE NAME AND ADDRESS OF EACH DEFENDANT YOU LISTED IN THE CAPTION ON THE FIRST PAGE OF THIS COMPLAINT. THIS FORM IS INVALID UNLESS EACH DEFENDANT APPEARS WITH FULL ADDRESS FOR PROPER SERVICE.

1. Dayton Police Dept. Et Al
   NAMES - FULL NAME PLEASE
   335 West Third Street, Dayton, Ohio 45402
   ADDRESS - STREET, CITY, STATE AND ZIP CODE

2. Officer Ryan T. Halburnt #26944
   335 West Third St. Dayton, Ohio 45402

3. Officer Michael Fuller #26941
   335 West Third St. Dayton, Ohio 45402

4.

5.

6.

IF THERE ARE ADDITIONAL DEFENDANTS, PLEASE CONTINUE LISTING THEM.

-4-

## STATEMENT OF CLAIM

PLEASE WRITE AS BRIEFLY AS POSSIBLE THE FACTS OF YOUR CASE. DESCRIBE HOW EACH DEFENDANT IS INVOLVED. INCLUDE THE NAME OF ALL PERSONS INVOLVED. GIVE DATES AND PLACES.

DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.

IF YOU HAVE A NUMBER OF DIFFERENT CLAIMS; PLEASE NUMBER AND SET FORTH EACH CLAIM IN A SEPARATE PARAGRAPH. USE AS MUCH SPACE AS YOU NEED. YOU ARE NOT LIMITED TO THE PAPERS WE GIVE YOU. ATTACH EXTRA SHEETS THAT DEAL WITH YOUR STATEMENT CLAIM IMMEDIATELY BEHIND THIS PIECE OF PAPER.

See Attachment

RECEIVED
SEP - 4 2013
JOHN R. HEHMAN, CLERK
COLUMBUS, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TMR-MJM

ERIC D. WHEELER,
Plaintiff

vs.                                           Civil Action No: 3:13-CV-300

DAYTON POLICE DEPARTMENT
OFFICER RYAN T. HALBURNT #26944
OFFICER MICHAEL T. FULLER #26941
Defendants

COMPLAINT
(Three-Judge District Court Requested)

COUNT I
(Identification of the Parties)

1. Plaintiff pro se, Eric D. Wheeler is a citizen of the United States and resident of the state of Ohio.

2. Plaintiff's current address is: 54 Pointview Avenue, Dayton, Ohio 45405; and his telephone number is (937) 275-5537.

3. Defendant Dayton Police Department is a department of the municipal government of the city of Dayton, within the state of Ohio, and is being sued under the doctrine of "respondeat superior."

4. Defendant Dayton Police Department's current address is 335 West Third Street, Dayton, Ohio 45402.

5. Defendant Ryan T. Halburnt, badge number 26944, is an employee of the Dayton Police Department, and is being sued in both his individual and official capacities.

6. Defendant Ryan T. Halburnt's address is 335 West Third Street, Dayton, Ohio 45402.

7. Defendant Michael T. Fuller, badge number 26941, is an employee of the Dayton Police Department, and is being sued in both his individual and official capacities.

8. Defendant Michael T. Fuller's address is 335 West Third Street, Dayton, Ohio 45402.

## COUNT II
### (Subject Matter Jurisdiction)

9. The Court has jurisdiction over this matter pursuant to Title 28 U.S.C. § 1343(3).

## COUNT III
### (Statement of the Claims)

10. Plaintiff incorporates by reference paragraph 9, and paragraphs 11 – 43, as if set forth in full herein.

### Origin and Relation

11. Although this cause of action is related to the events in Wheeler v. Dayton Police Department, et al., Case No. 3:10cv197; and Wheeler v. Dayton Police Department, et al., Case No. 3:12cv182; those actions resolved completely separate matters involving different or separate claims and facts from the subject of the present litigation, and was based upon a 2009 conviction for crack cocaine, and not on my April 11, 2012 arrest, imprisonment, and subsequent dismissal of separate marijuana charges.

### Cause of Action

12. Plaintiff's action is based upon personal injuries or wrongs being committed against him by the defendants "under color of law," which resulted in plaintiff being falsely arrested and incarcerated on April 11, 2012.

### Nature of Dispute

13. A dispute has arisen between the plaintiff and defendants Ryan T. Halburnt (#26944), and Michael T. Fuller (#26941) for false accusations and personal misrepresentations made in their

official capacity as law enforcement officers; harassment; and abuse of their individual police powers, which resulted in plaintiff being arrested and falsely imprisoned on April 11, 2012.

14. Plaintiff avers that defendant Ryan T. Halburnt, and defendant Michael T. Fuller, willfully subscribed an official Dayton Police Department document (citation # 09v5501), which contains or is verified by a written declaration, knowing the instrument to contain mis-statements that would render the document to be false and incorrect as to every material matter, in a deliberate effort to deprive plaintiff of his constitutionally protected rights "under color of law."

15. Plaintiff avers that defendants Halburnt and Fuller abused their police powers and authority by engaging in malicious acts to falsify evidence to support their false accusations; to harass plaintiff; and on April 11, 2012 to cause plaintiff to latter be falsely imprisoned; in a deliberate effort to deprive plaintiff of his constitutionally protected rights "under color of law."

16. Plaintiff also avers that he is made to suffer injury as a victim of defendant's misconduct in the performance of their duties in conducting the affairs of the Dayton Police Department.

17. A dispute has arisen between plaintiff and defendant Dayton Police Department which failed to properly train and/or supervise their employee's defendant Ryan T. Halburnt, and Michael T. Fuller, even after knowledge of plaintiff's claim had been made known to them by way of a duly filed "Official Grievance"; which have resulted in the violation of plaintiff's constitutionally guaranteed rights, "under color of law."

18. The dispute between plaintiff and defendants Ryan T. Halburnt, and Michael T. Fuller, has been exasperated by the defendant Dayton Police Department, who is responsible for the administration and enforcement of law within the state of Ohio, and more particularly in the municipality of Dayton; and knowingly failed to acknowledge and/or deter the actions of their employees that were unlawful, oppressive, fraudulent, and contrary to police protocol.

19. By their inaction in this matter, the Dayton Police Department has made the wrongful acts of defendants Halburnt and Fuller to become the policy, custom, or usage of the Department, in direct contradiction to the rights, privileges, and immunities guaranteed plaintiff by the United States Constitution.

20. The defendant Dayton Police Department had the right, ability, and duty to control Officers Halburnt and Fuller and to mitigate their violations of plaintiff's constitutional rights, before any further violations of these rights ensued by way of plaintiff's re-arrest, incarceration, and payment of bond to secure his release. It is only after my rights had been violated for a second time that the false charges were dismissed against me at hearing before the Dayton Municipal Court on April 13, 2012. (Case No. 163394)

(Historical Background)

21. For the purpose of promoting a clear understanding of the facts and circumstances surrounding this complaint, as a matter of reference only, and not to be construed as an attempt to re-litigate the separate set of claims made in previous litigation; plaintiff must re-state herein certain facts contained in the related civil actions 3:10cv197 and 3:12cv182.

22. On May 19th 2009 at 6:40 PM, the plaintiff and two (2) others were sitting in a motor vehicle on a convenience store parking lot, when two uniformed Dayton Police Department Officers identified by plaintiff as Officer Ryan T. Halburnt (#26944), and Officer Michael T. Fuller (#26941), approached plaintiff for no apparent reason, ordered me out of the vehicle, and acting against my expressed wishes searched me so thoroughly as to publicly strip search me, wherein they found a small amount of crack cocaine between the cheeks of my buttocks. I was subsequently convicted and sentenced in 2009 on the crack cocaine charges.

23. After my arrest I was transported to the county jail in a police cruiser. At the county jail defendant Halburnt left during my interrogation to go to his patrol car, and upon his return he claimed that he reached in my front pocket and found three grams of marijuana after he clearly stated that he did do a through and through pocket to pocket inside and out search at the scene, as well as stripped search me in the presence of others, where he only found the crack cocaine in my buttocks.

24. There was never any marijuana found on me at the scene, because I had no marijuana on me ever.

(Specific Facts Related to the Present Litigation)

25. Shortly after my release from prison in October 2011 from the crack cocaine conviction, on April 11th of 2012, the vehicle I was traveling in as a passenger was pulled over by two Dayton Police Department Officers who to my knowledge and information, had been previously unrelated to the circumstances and events leading to my initial 2009 arrest on the marijuana charges.

26. I was ordered to get out of the vehicle, and to my surprise I was arrested and incarcerated by these subsequent Dayton Police Officers, on an outstanding warrant for the 2009 marijuana charges. Prior to this arrest on April 11, 2012, I had not received any notice that the marijuana charges were scheduled before the court, that a warrant for my arrest had been issued, or two years latter the charges were still pending against me.

27. At the time of my arrest in April 2012, both defendant Halburnt and defendant Fuller knew or should have known that I had been incarcerated on the crack cocaine charges, particularly since they were the arresting officers in both instances.

28. At the time of my arrest under the warrant in April of 2012, the defendant Dayton Police Department knew or should have know that I had been incarcerated on crack cocaine charges.

29. At the time of my arrest and imprisonment in April of 2012, until the date of filing this complaint, I have never received a response from the Dayton Police Department regarding the Official Grievance I had filed with them concerning this and other matters in 2009.

30. As a result of my arrest by subsequent employees of defendant Dayton Police Department on April 11, 2012; I was wrongly imprisoned, subsequently posting bail for my release, and finally the charges against me were dismissed at a Dayton Municipal Court hearing. (Case No. 163394)

31. At all times during my April 11, 2012 detention, arrest, and imprisonment; I was frightened, felt threatened and became overcome with emotion.

32. The affects of defendant Halburnt's and defendant Fuller's harassment, intimidation, false accusations, arrest, false imprisonment, misrepresentations, embarrassment and public humiliation, have not left me.

33. Whenever I see the police I become apprehensive as to what is going to happen next. In addition, I have not slept soundly on many nights since these incidents occurred, as I have suffered from a great deal of stress and anxiety as a result of defendant's conduct towards me.

34. The fact that the case was subsequently dismissed, in and of itself illustrates bad faith.

## COUNT IV
### (Demand for Relief)

35. Wherefore, plaintiff sues defendant Ryan T. Halburnt, defendant Michael T. Fuller, and defendant Dayton Police Department for false accusations, misrepresentations, arrest, false imprisonment, harassment, humiliation, embarrassment, as well as personal pain and suffering; and hereby demands the following relief:

36. Plaintiff demands resolution of these matters within the jurisdiction of this court through duly exercising his right to trial by jury as guaranteed by the 7th Amendment to the Constitution of the United States of America.

37. Plaintiff sues defendant Ryan T. Halburnt individually in the amount of $50-thousand for false accusations, misrepresentations, false imprisonment, harassment, humiliation, embarrassment, emotional distress, pain and suffering while acting "under color of law."

38. Plaintiff sues defendant Officer Ryan T. Halburnt (badge #26944) in his official capacity in the amount of $50-thousand for false accusations, misrepresentations, false imprisonment, harassment, humiliation, embarrassment, emotional distress, pain and suffering, while acting "under color of law."

39. Plaintiff sues defendant Michael T. Fuller individually in the amount of $50-thousand for false accusations, misrepresentations, false imprisonment, harassment, humiliation, embarrassment, emotional distress, pain and suffering, while acting "under color of law."

40. Plaintiff sues defendant Officer Michael T. Fuller (badge #26941) in his official capacity in the amount of $50-thousand for false accusations, misrepresentations, false imprisonment, harassment, humiliation, embarrassment, emotional distress, pain and suffering; while acting "under color of law."

41. Plaintiff sues defendant Dayton Police Department under the doctrine of "respondeat superior," in the amount of $100-thousand for false accusations, misrepresentations, false imprisonment, harassment, humiliation, embarrassment, emotional distress, pain and suffering; caused to be made "under color of law."

42. Plaintiff seeks injunctive relief to prohibit any and all of the defendants, or any of their agents or officers, from further harassing or retaliating against plaintiff for the filing and prosecuting of this lawsuit.

43. Therefore, having no adequate remedy at law, plaintiff is demanding relief through the jurisdiction of this Court from the personal injuries he has suffered by defendants committing acts prohibited by law, and, misdeeds or trespass through improper performance of their lawful duties under color of law; resulting in a violation of plaintiff's Constitutional and Civil Rights on the merits of the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

44. It is prayed................................................Amen.

Respectfully submitted,

Eric D. Wheeler, Plaintiff pro se
54 Pointview Avenue
Dayton, Ohio 45405
(937) 275-5537

I state under penalty of perjury that the foregoing is true and correct. Executed on this 4th day of Sept, 2013.

Eric D. Wheeler, Plaintiff pro se

**RELIEF**

IN THIS SECTION PLEASE STATE (WRITE) BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT, CITE NO CASES OR STATUTES.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

SIGNED THIS _____ DAY OF _____ 20___.

_____
SIGNATURE OF PLAINTIFF